Date signed November 27, 2012



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| AHMED ALI | : | Case No. 12-13251-PM |
| | : | Chapter 7 |
| Alleged Debtor | : | INVOLUNTARY |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

This case is before the court on the alleged Debtor's Motion To Dismiss And/Or For Summarry [sic] Judgment ("Motion To Dismiss"), Motion For Summarry [sic] Judgment (Motion For Summary Judgment"), and Answer Contesting Involuntary Petition, each of which prays for dismissal of the Involuntary Petition. The Petition was filed by three entities, Badi Nabely, Pleasant Prospect HOA, and the Estate of Mahi Ali. A fourth petitioner, K. Teya Moore, was joined by Order entered May 2, 2012. Initially, Debtor[1] responded to the Petition with the Motion To Dismiss, arguing that he "disputes the Petitioners [sic] eligibility in that the asserted claims are subject to bona fide dispute as to liability or amount and as the Court lacks both subject matter and personal jurisdiction." In that Motion, Debtor argues that the court lacked subject matter jurisdiction because (1) Creditors liens aren't $14,425 more than liens on property securing creditor's claims" [sic] and (2) Two of the four claims are "highly disputed." By order entered October 3, 2012, the court denied the Motion without prejudice to Debtor filing a motion for summary judgment as to the two disputed claims. Debtor did so, and his Motion For

---

[1]References to "Debtor" in this Memorandum shall be construed to mean "alleged debtor."

Summary Judgment, disputing the claims of Badi Nabely and the Estate of Maha Ali, came before the court on November 6, 2012. Up to that point, Debtor had not filed a list of creditors pursuant to Fed.R.Bankr.P. 1003(b). Due to the significance under 11 U.S.C. § 303(b) of the number of entities required to properly file an involuntary petition and, if fewer than 12, the potential mootness of the Motion For Summary Judgment, at the November 6, 2012 hearing the court directed Debtor to file a list of his creditors. He did so on November 19, 2012, listing eight creditors. The list excludes the two petitioners whose claims Debtor disputes. The list includes the claims of the other two petitioners, Pleasant Prospect HOA and K. Teya Moore, but notes that they are disputed as to amount.

Inasmuch as Debtor has listed only eight creditors, 11 U.S.C. § 303(b) (2) is applicable to determine the requisite number of petitioners. That section provides,

> **11 U.S.C. § 303.  Involuntary cases**
> . . .
> (b)  An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—
>
> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bone fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $14,425 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
>
> (2)  if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724  (a) of this title, by one or more of such holders that hold in the aggregate at least $14,425 of such claims; . . . .

In his Motion To Dismiss, Debtor argues that while he does not dispute his indebtedness to Pleasant Prospect HOA in the sum of $12,806.32 as alleged in the petition, and to K. Teya Moore in the sum of $18,335.00, now reduced to judgment, for legal services rendered, "This Court lacks subject matter jurisdiction under 11 USCS § 303(b)(2) as the aggregate of the undisputed claims does not exceed $14,425 more than the value of any lien on property of the debtor securing such claims." Debtor then summarizes the value and total liens on each of three parcels of real estate he owns together with the estate of his ex-wife as follows:

1. 12307 Pleasant Prospect
Owned by Dr. Ahmed Ali and the Estate of Maha Ali

      Estimated Value $1,347,900.00. See PG Co. Real Property Statement as **Exhibit 4**.
      Estimated Liens $3,151,157.41 ($2,355,823.96+$795,333.45)

      2. 13550 Woodmore Road (15 Acres unimproved)
      Owned by Dr. Ahmed Ali and the Estate of Maha Ali
      Estimated Value $506,200.00. See PG Co. Real Property Statement as **Exhibit 5**.
      Estimated Liens $2,355,823.96

      3. 13600 Woodmore Road (10 Acres unimproved)
      Owned by Dr. Ahmed Ali and the Estate of Maha Ali
      Estimated Value $339,154.00
      Estimated Liens $2,355,823.96

Finally on this point, Debtor argues in paragraph A.1,

> For purposes of calculating this Court's subject matter jurisdiction, one would add $31,141.32 (the substantially undisputed claims) to the estimated values of the three properties and see if that number were greater than $14,425 above the liens. The smallest difference between lien and value is $1,803,257.41 (related to 12307 Pleasant Prospect). Even assuming arguendo all four creditors' claims were found valid that total amount would fall approximately $1.5 Million short of the amount necessary for this Court to have subject matter jurisdiction.

Debtor misconstrues the calculation made pursuant to § 303(b)(2). This calculation is intended to ensure that qualified petitioning creditors hold unsecured - or undersecured - claims aggregating at least $14,425. As described in 2 *Collier on Bankruptcy* ¶303.15 (Alan N. Resnick and Henry J. Sommer, eds., 16th ed.):

> Another aspect of the dollar requirement is that the dollar amount must be calculated based on unsecured, as distinguished from secured, debt. This is supported by the language "more than the value of any lien on property . . . securing such claims." In other words, the dollar requirement can only be composed of either the undersecured portion of the debt owed a petitioning secured creditor or a totally unsecured claim of a petitioning unsecured creditor. This means that a secured claim cannot count toward the dollar requirement.

As such, given the $31,141.32 in "substantially undisputed claims," as Debtor describes them, and the absence of equity[2] securing at least $14,425 of such claims, the court finds that the

---

    [2]The court accepts the analysis in Exhibit 1 that Debtor proffered in his Motion To Dismiss, being a letter from Carlton M. Green, who was appointed trustee in a suit against Debtor in Prince George's County Circuit Court, for the purpose of selling Debtor's interest in certain properties. The court also notes Debtor's description, in his Motion To Dismiss, that, "It is undisputed that Dr. Ali has approximately $2.35 Million dollars in IRS and Maryland state tax liens."

statutory dollar requirement is met with respect to said petitioners.

In his Motion To Dismiss, Debtor also argues that the amounts owing to Pleasant Prospect HOA and K. Teya Moore are disputed as being "subject to reduction for credits for payments or offset by joint obligor and creditor, the Estate of Maha Ali." This argument is also without merit. Debtor did not proffer any evidence of payments that should be applied to reduce said petitioners' claims, and even if Debtor is correct as to the existence of a joint obligor, that fact does not relieve him of liability for the entire amount where the parties are jointly and severally liable on such debts. *See Maloof v. C.I.R.*, 456 F.3d 645, 646 (CA6 2006). Here, Debtor admits his liability for the entire debt, although he may have a contribution claim over against the joint obligor should he pay anything to a joint creditor on the joint obligor's account.

Finally, Debtor's Motion To Dismiss argues improper venue; that the case should be dismissed pursuant to 11 U.S.C. § 305(a)(1) in the interests of the creditors and the Debtor; and that the Petition should be dismissed as having been brought in bad faith. Resolution of these issues will require a full evidentiary hearing. Nor can the court decide at this juncture whether Debtor is not generally paying his debts as they become due, another element required for entering an order for relief on the Petition. 11 U.S.C. § 303(h)(1). Trial on the remaining issues has been set for April 10 and 11, 2013. All the court decides here is that the petitioners who have joined in the Petition include two entities holding unsecured or undersecured claims that are not contingent as to liability and aggregate at least $14,425.00 in claims that are not subject to bona fide dispute as to liability or amount; that only two such petitioners were required in order to file this Petition; and as such the Petition has been properly filed and this involuntary Chapter 7 case has been properly commenced.

An appropriate order will be entered.

cc:
Timothy P. Leahy, Esq., 14300 Gallant Fox Lane, Suite 120, Bowie MD 20771
Richard M. McGill, Esq., POB 358, 5303 West Court Drive, Upper Marlboro MD 20773
Ralph Powers, Esq., 5415 Water Street, Upper Marlboro MD 20772
Linda Mericle, Esq., 7600 Hanover Parkway, #202, Greenbelt MD 20770
Carlton M. Green, Esq., 7309 Baltimore Ave. #115, College Park, MD 20740
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770

**End of Memorandum**