

PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| AHMED ALI | : | Case No. 12-13251PM |
| | : | Involuntary Chapter 7 |
| Alleged Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### ORDER AND OPINION
### ABSTAINING FROM EXERCISING JURISDICTION
### OVER INVOLUNTARY PETITION

     This involuntary bankruptcy petition under Chapter 7 came before the court on the court's Order to Show Cause why this court should not abstain from exercising jurisdiction over the case. As set forth in the Order to Show Cause, this case is very similar to a two-party dispute that is easily litigated in State court.[1] Notice of the Order to Show Cause was given to all interested parties. The Petitioning Creditors filed a consent to the abstention by this court. No party in interest filed an objection.

     11 U.S.C. § 305(a)(1) provides:

     **11 U.S.C. § 305.  Abstention**
         (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if--
            (1) the interests of creditors and the debtor would be better served by such dismissal or suspension.

---

[1] The court adopts by reference those statements in its Memorandum and Order to Show Cause entered July 22, 2013, setting forth in greater detail the reasons for this decision.

In addition, under 28 U.S.C. § 1334(c)(1) a court may abstain from exercising jurisdiction "in the interest of justice, or in the interest of comity with State courts or respect for State law." Discretionary abstention may be raised by the court *sua sponte*. *In re Gober*, 100 F.3d 1195, 1207, n.10 (CA5 1996); *Scherer v. Carroll*, 150 B.R. 549, 552 (D. Vt. 1993); *Bricker v. Martin*, 348 B.R. 28, 33-34 (W.D. Pa. 2006).

While there are no specific guidelines for determining whether abstention is in the interest of justice, courts have considered various factors applicable here, such as, (1) the motivation of the parties seeking bankruptcy jurisdiction; (2) whether another forum is available to protect the interests of both parties; (3) the extent to which State issues predominate over bankruptcy issues.

Finally, the opposing parties in this controversy have the same end, that is, to facilitate the sale of certain real property so as to produce the greatest return to the parties in interest. In view of pending efforts by a secured creditor to foreclose upon property, it is in their interest in these times to foster the expeditious transfer of the property. In this effort they are assisted by the fact that the real estate market has shown an upturn.

For all of the foregoing reasons, the court will exercise its jurisdiction to abstain from hearing this involuntary proceeding.

IT IS SO ORDERED.

cc:
Alleged Debtor
Alleged Debtor's Counsel
Counsel To The Petitioning Creditors
All creditors
United States Trustee

**End of Order and Memorandum**